PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEREK MORTLAND, | ) |
|     Plaintiff, | ) CASE NO. 4:19CV1537 |
| v. | ) JUDGE BENITA Y. PEARSON |
| BOARDMAN HOSPITALITY, LLC, | ) |
|     Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 12, 15] |

Pending before the Court are Defendant Boardman Hospitality, LLC's motion to file answer instanter [ECF No. 12] and motion to set aside entry of default [ECF No. 15]. Plaintiff responded in opposition. ECF No. 16. Plaintiff did not reply and the time to do so has passed. For the reasons given below, Defendant's motions are granted.

**I. Background**

Plaintiff Derek Mortland brought this action against Defendant for alleged violations of the Title III of the Americans with Disabilities Act ("ADA") and Ohio Rev. Code § 4112.02 on July 5, 2019. ECF No. 1. Plaintiff is a physically disabled individual who uses a wheelchair to move around. *Id*. at PageID #: 5. On April 24, 2019, Plaintiff was a guest at a Red Roof Inn owned by Defendant in Poland, Ohio ("Red Roof Inn"). *Id*. at PageID #: 6. Plaintiff alleges that he encountered over three dozen ADA violations that limited his access during his stay at Red Roof Inn. *Id*. at PageID #: 6-11.

(4:19CV1537)

A woman identified as "Manager Alexia" at Red Roof Inn was personally served on August 2, 2019. ECF No. 7 at PageID #: 46. According to Defendant, the woman served was front desk clerk and the service paperwork was "inadvertently placed in a pile with other documents and mail." ECF No. 15-1. Defendant claims that Red Roof Inn's management did not discover the complaint and summons until later. ECF No. 15 at PageID #: 70. Due to this, Defendant neither filed an Answer nor appeared twenty-one days after being served. Plaintiff applied to the Clerk's office for default on August 26, 2019 [ECF No. 8] and default was entered against Defendant on the same day [ECF No. 9].

Meanwhile, one of Defendant's agents, contacted her corporate counsel in Michigan, who advised her that Defendant needed to retain counsel in Ohio. ECF No 15-1. Defendant did so. On August 28, 2019, two days after default had been entered, Defendant's retained counsel filed a notice of appearance [ECF No. 11] and a motion to answer instanter [ECF No. 12]. Plaintiff opposed Defendant's motion, noting that Defendant failed to allege excusable neglect for its failure to timely respond and ignored the entry of default. ECF No. 14.

Defendant claims, however, to have only received a copy of the default entry the day after defense counsel was retained and sought permission to answer the complaint. Defense counsel filed the pending motion to set aside the entry of default the same day. *See* ECF No. 15; ECF No. 15-1.

**II. Standard of Review**

Pursuant to Fed. R. Civ. P. 55(c), the Court "may set aside an entry of default for good cause." The Court of Appeals for the Sixth Circuit has established three factors relevant to the

2

(4:19CV1537)

determination of whether "good cause" exists to set aside an entry of default pursuant to Rule 55(c): "(1) [w]hether culpable conduct of the defendant led to the default, (2)[w]hether the defendant has a meritorious defense, and (3)[w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *accord Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). While courts consider these same three factors in evaluating whether to set aside a default judgment under Rule 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *Waifersong*, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to be accorded to them depends on whether the court is confronted by an entry of default or a default judgment."). Although "[a]ll three factors must be considered in ruling on a motion to set aside [an] entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard*, 796 F.2d at 194.

### III. Discussion

**A. Motion to Set Aside Entry of Default**

Relying on the legal authority above, the Court undertakes the following analysis. First, Defendant did not engage in culpable conduct. Courts evaluate culpable conduct by determining whether the defaulted party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard*, 796 F.2d at 194. Defendant provides a reasonable explanation for why it did not timely respond to the complaint.

3

Defendant's employee, a desk clerk, carelessly placed the service papers with other papers and the time to file an Answer had passed once management informed Defendant. *See Shepard*, 796 F.2d at 194 (finding that setting aside a default entry was appropriate even though the party engaged in careless conduct); *see also Belsito v. Johnson*, 2010 WL 11541837, at *3 (E.D. Mich. Feb. 10, 2010) (finding that negligent conduct was not culpable). Although Defendant's tardiness might be careless, it is certainly not reckless and there is no evidence to suggest that Defendant intended to thwart the litigation.

Defendant has a meritorious defense. Defendant has a meritorious defense if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyers*, 346 F.3d 607, 614 (6th Cir. 2003) (emphasis in original). Plaintiff insists that Defendant's liability under the ADA and Ohio law is "uncontroverted" because he produced exact measurements along with the corresponding ADA and Ohio regulations. *See* ECF No. 1 at PageID #: 6-11; ECF No. 16 at PageID #: 76. But Defendant denies these assertions. ECF No. 12-1 at PageID #: 60. Moreover, even if the Court accepts Plaintiff's assertions as true, "likelihood of success is not the measure" for determining whether a meritorious defense exists. *United Coin Meter Co., Inc. v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983) (citations omitted). Courts must "construe ambiguous or disputed facts in the light most favorable" to the party in default. *Amernational Industries, Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir. 1991). Viewed under that lens, Defendant has a complete defense if it can prove at trial that it did not violate the ADA or the Ohio statute. Setting aside the entry of default is appropriate in this case because "[t]rials on the merits are

(4:19CV1537)

favored in federal courts." *United Coin*, 705 F.2d at 846.

Finally, Plaintiff is not prejudiced if the Court vacates the entry of default. Setting aside an entry of default is prejudicial when it "would result in a loss of evidence, increased opportunities, or discovery difficulties." *Burell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006). Plaintiff provides no evidence of any of these prejudicial impacts. *See* ECF No. 16 at PageID #: 75-76. Additionally, Defendant promptly filed the pending motion within three days of the default entry. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (finding good cause to set aside default entry because defendant had acted in reasonable time when it filed a motion within eight days of default entry). Plaintiff avers that he is prejudiced because setting aside the entry of default will prevent him from obtaining a default judgment against Defendant and he will "lose his ability to hold Defendant responsible for its default." ECF No. 16 at PageID #: 76. The Court cannot accept Plaintiff's premise that he can be prejudiced by continuing to litigate a case that he chose to file. Moreover, a merely delayed recovery is not prejudicial. *See United Coin*, 705 F.2d at 734. Therefore, this factor also weighs in Defendant's favor.

Because all three factors support Defendant's motion, it is appropriate to set aside the entry of default. For good cause shown, Defendant's Motion to Set Aside Default Pursuant to Fed. R. Civ. P. 55(c) [ECF No. 15] is granted.

**B. Motion to File Answer Instanter**

Defendant's motion to file answer instanter hinges on the disposition of Defendant's motion to set aside the entry of default. Accordingly, Defendant's motion to file an answer instanter [ECF No. 12] is granted.

5

(4:19CV1537)

## **IV. Conclusion**

For the reasons stated above, Defendants' motion to file answer instanter and motion to set aside default entry are granted.  Defendant shall promptly file its Answer as a separate docket entry.

    IT IS SO ORDERED.


|  September 16, 2019  |   */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |